**THE TUROCI FIRM**
Todd L. Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
3845 Tenth Street
Riverside, CA 92501
Telephone (888) 332-8362
Facsimile (866) 762-0618
mail@theturocifirm.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LINCOLN JAMES INVESTMENT PROPERTIES, LLC,<br><br>Debtor and Debtor in Possession. | Chapter 11<br>Case No. 6:17-bk-17285WJ<br><br>**MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF TODD TUROCI AND JARED SCARTH IN SUPPORT THEREOF**<br><br>[11 U.S.C. § 330 and LBR 2014-1]<br><br>[No Hearing Required] |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**LINCOLN JAMES INVESTMENT PROPERTIES, LLC,** Debtor and Debtor in Possession herein ("Debtor"), for the Chapter 11 estate in the above-captioned bankruptcy case, hereby moves this Court for an order authorizing it to employ The Turoci Firm (the "Firm") as general bankruptcy counsel pursuant to the provisions of 11 U.S.C. section 330 and Local Bankruptcy Rule 2014-1. In support thereof, Debtor respectfully represents as follows:

1.    The Petition commencing this case under Chapter 11 of the Bankruptcy Code was filed on August 30, 2017.

1

2. Notice of this Motion is being given in accordance with the rules of the court. Approval of employment is being requested as of August 30, 2017 (the Petition Date). This motion is being submitted within 30 days of the proposed employment date and is therefore timely.

3. It is necessary for Debtor to engage the services of experienced insolvency counsel to ensure that Debtor receives adequate legal advice and representation in its bankruptcy case.

4. Debtor has selected the Firm to be its bankruptcy counsel to represent Debtor before the court and to perform legal services on its behalf. Debtor selected the Firm because of the considerable experience of its principal in all aspects of bankruptcy law as well as other areas of law that may become relevant during the pendency of Debtor's bankruptcy case. All attorneys employed by or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California. A copy of the Firm's resume is attached hereto as Exhibit 1.

5. Debtor requires the services of the Firm to render the following types of professional services:

    a. To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

    b. To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor in regards to its assets and with respect to the claims of creditors;

    c. To represent or assist Debtor in any proceedings or hearings in the bankruptcy court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

    d. To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, applications, motions, orders, accounts, other legal papers, and pleadings related to this Chapter 11 case;

    e. To advise Debtor concerning the requirements of the Bankruptcy Code and applicable rules;

    f. To advise and assist Debtor with respect to its powers and duties in the continued operation of Debtor's business and management of property of the estate;

g.  To advise and assist Debtor in the administration of the estate's assets and liabilities;

h.  To represent Debtor with regard to the preparation of a disclosure statement and the negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization; and

i.  To take such other actions and perform such other services as may be required in with this Chapter 11 case.

6. The Firm is a disinterested person within the meaning of 11 U.S.C. section 101(14). Furthermore, the Firm is not a creditor of the estate and does not have an interest to Debtor's estate in accordance with 11 U.S.C. section 327.

7. The Firm does not represent any other individual or entity having an interest materially averse to Debtor in connection with this bankruptcy case. The Firm has not represented any of Debtor's creditors.

8. None of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

9. The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future, as follows:

| **Attorneys** | **Hourly Rate** |
| --- | --- |
| Todd Turoci | $500 |
| Julie Philippi | $400 |
| Michael Ortiz | $275 |

| **Law Clerks/Paralegals** | **Hourly Rate** |
| --- | --- |
| Daisy Diaz | $175 |
| Dana Cormey | $175 |
| Jessica Stuhlmiller | $175 |
| Adela Salgado | $175 |

10. The Firm also proposes to charge for its actual and necessary out-of-pocket expenses for long distance telephone calls, messenger charges, overnight mail costs, postage, parking expenses, court reporter fees, charges by the Clerk of the Bankruptcy Court, witness and mileage fees as

3

required by statute, and expenses for the service of process when necessary. Additionally, the Firm proposes to charge as out-of-pocket expenses the following items at the following rates:

| | |
|---|---|
| Photocopies | $0.20 per page |
| Mileage | Standard IRS Mileage Rate (currently $0.535 per mile) |

11. The Firm received a retainer payment in the amount of $17,000 from Jared Scarth, Debtor's owner and managing member, inclusive of the $1,717 filing fee. The amount of fees and costs incurred pre-filing totaled $5,156.41 not including the filing fee. The Firm deducted the sum of $5,156.41 for services rendered and the sum of $1,717 for the filing fee prior to the chapter 11 filing from the retainer, leaving $10,126.59 in trust.

12. The Firm has not received any lien or other interest in Debtor's property, or that of any third party to secure payment of its professional fees, other than the retainer referenced in the preceding paragraphs.

13. Although the retainer agreement provides for payment of services as they are performed, the Firm is NOT seeking post-petition or monthly payments from Debtor. Post-petition fees will be paid only after court approval of an appropriate fee application submitted pursuant to 11 U.S.C. sections 330 and 331. A true and correct copy of the retainer agreement is attached hereto as Exhibit 2.

14. The Firm will comply with the Guide to Application for Retainers and Professional and Insider Compensation promulgated by the Office of the United States Trustee, as well as any other applicable employment guidelines and fee guidelines in withdrawing the pre-petition retainer funds.

15. Debtor's owner Jared Scarth and his spouse Victoria Scarth have personally guaranteed the fees and costs of Debtor.

///
///
///
///

4

**THEREFORE,** Debtor respectfully requests that the Court issue an order authorizing the employment of The Turoci Firm as Debtor's bankruptcy counsel effective as of the Petition Date on the terms and conditions set forth in this application and for such other and further relief as is just and proper.

Dated: 8/30/17

Jared Scarth, Managing Member
Lincoln James Investment Properties, LLC
Debtor and Debtor in Possession

Dated: 9/15/17

THE TUROCI FIRM

Todd Turoci
Attorney for Lincoln James Investment Properties, LLC
Debtor and Debtor in Possession

# DECLARATION OF JARED SCARTH

I, Jared Scarth, declare and state as follows:

I am the sole owner and managing member of Lincoln James Investment Properties, LLC ("LJIP"), the debtor herein. I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1. On or about August 28, 2017, I executed a retainer agreement with The Turoci Firm to represent LJIP in a voluntary chapter 11 bankruptcy proceeding.

2. On or about August 28, 2017, I paid $17,000 to The Turoci Firm as a retainer for its services in this chapter 11 proceeding. I understand that even though I paid the retainer personally, I am not the client and The Turoci Firm has no duty or responsibility to me personally.

3. I understand that the $17,000 was billed against for all pre-filing services and the filing fee. All fees and services incurred post-filing will be billed at the hourly rates indicated in the retainer agreement but are subject to court approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9/20/2017

Jared Scarth

# DECLARATION OF TODD TUROCI

I, Todd Turoci, declare and state:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

2. I am a Certified Bankruptcy Specialist, licensed to practice before all the court of the State of California, and in the United States Bankruptcy Court for the Central District of California. I am the owner and principal of The Turoci Firm (the "Firm"), proposed general counsel for Lincoln James Investment Properties, LLC ("Debtor"), the Chapter 11 debtor and debtor in possession in the above captioned case.

3. The Firm is experienced in bankruptcy law, including debtor/creditor matters. It is competent to perform the requisite legal services in this case. A true and correct copy of the Firm's resume is attached hereto as Exhibit 1. All of the Firm's attorneys and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and will comply with the Code and the Rules.

4. The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. section 101(14). We are not creditors, equity security holders, or insiders of Debtor; we are not and were not, within two years before the date of the filing of the petition, directors, officers or employees of Debtor; and we do not have interests materially averse to the interest of the estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or for any other reason. The Firm and I do not hold or represent an interest averse to the estate. None of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

5. In light of the foregoing, I do not believe there is any conflict in the Firm's representation of Debtor.

6. The Firm does not have a prepetition claim against Debtor's estate. The Firm has not received any lien or other interest in Debtor's property, or that of any third party to secure payment of its professional fees, other than the retainer referenced in the preceding paragraphs.

7. The Firm received a retainer payment of $17,000 from Jared Scarth, Debtor's owner and managing member, prior to the bankruptcy filing, which included the $1,717 filing fee. The amount of fees and costs incurred pre-filing totaled $5,156.41, not including the filing fee. We deducted $5,156.41 for pre-petition services rendered and $1,717 for the filing fee prior to the chapter 11 filing from the retainer, leaving $10,126.59 in trust.

8. A true and correct copy of the retainer agreement is attached hereto as Exhibit 2. Although the retainer agreement provides for payment of services as they are performed, the Firm is **NOT** seeking post-petition or monthly payments from Debtor. Post-petition fees will be paid only after court approval of an appropriate fee application submitted pursuant to 11 U.S.C. sections 330 and 331.

9. The Firm and I will comply with the *Guide to Application for Retainers and Professional and Insider Compensation* promulgated by the Office of the United States trustee, as well as any other applicable employment guidelines and fee guidelines.

10. The Firm's proposed compensation is:

| **Attorney** | **Hourly Rate** |
| --- | --- |
| Todd Turoci | $500 |
| Julie Philippi | $400 |
| Michael Ortiz | $275 |
| **Paralegals/Law Clerks** | **Hourly Rate** |
| Daisy Diaz | $175 |
| Dana Cormey | $175 |
| Jessica Stuhlmiller | $175 |
| Adela Salgado | $175 |

11. The Firm also proposes to charge for its actual and necessary out-of-pocket expenses for long distance telephone calls, messenger charges, overnight mail costs, postage, parking expenses, court reporter fees, charges by the Clerk of the Bankruptcy Court, witness and mileage fees as required by statute, and expenses for the service of process when necessary. Additionally, the Firm proposes to charge as out-of-pocket expenses the following items at the following rates:

| | |
|---|---|
| Photocopies | $0.20 per page |
| Mileage | Standard IRS Mileage Rate |
| | (currently $0.535 per mile) |

12. The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9/15/17

Todd Turoci

# THE TUROCI FIRM

3845 Tenth Street
Riverside, California 92501
Tel: 951-784-1678 ‖ Fax: 866-762-0618

THE TUROCI FIRM (the "Firm") is owned and operated by Todd Turoci. The Firm limits its practice to the field of bankruptcy, insolvency, workouts and related civil litigation matters. The Firm has offices in the counties of Riverside, Los Angeles, and San Bernardino. The Firm primarily represents consumers and businesses as debtors and debtors-in-possession in Chapters 7, 11, and 13.

### DESCRIPTION OF QUALIFICATIONS OF FIRM'S ATTORNEYS

**Todd L. Turoci** – *Principal Attorney*: certified by the State Bar of California as a specialist in Bankruptcy Law, 2016; admitted to the State Bar of California, 1992; Central District of California, 1993; Southern District of California, 1995; and Eastern District of California, 1995. University of the Pacific, McGeorge School of Law, Sacramento, CA (J.D. 1992). Webster University, St. Louis, MO (M.A. Business 1988). California State University, San Bernardino, CA (B.A. Economics 1985).

Mr. Turoci's Chapter 11 experience consists of several cases, many with confirmed plans of reorganization. *In re American Publishing Corp.*, 6:99-bk-13768, plan confirmed on February 25, 2000, involved a significant number of creditors and annual sales exceeding $17 million. *In re DiCarlo*, 6:99-bk-12227, plan confirmed on June 27, 2000, involved a family estate primarily consisting two real estate assets. In this matter the debtors sold real property with a value in excess of $1 million and exchanged it for another investment property utilizing a tax deferred 1031 exchange. *In re Tommy Lee Cooks*, 6:02-bk-27954, involved an estate consisting of over 50 real estate assets. The Chapter 11 case allowed debtor time and relief to successfully sell certain properties, taking advantage of increased market value, and pay his delinquent creditors in full without the need for a confirmed plan of reorganization. *In re: Dansereau Health Products, Inc.*, 6:03-bk-10732, plan confirmed on January 21, 2004, involved a large dental equipment manufacturing corporation which, as a result of a significant decline in business after September 11, 2001, found itself unable to pay its creditors and faced having to close its doors and terminate its employees. After intense litigation and negotiation, a successful plan of reorganization was implemented and over forty (40) employees were able to retain their jobs. *In re Madrid*, 6:15-bk-12646MJ, case involved hotly contested litigation with a secured creditor. *In re BSA International Aerospace, Co.*, 6:15-bk-18644SC, reorganization plan confirmed on June 27, 2016. *In re Coleman*, 6:15-bk-20306MJ, reorganization plan confirmed on October 26, 2016. *In re Pinnacle Innovation, Inc.*, 6:16-bk-10735WJ; *In re CompCare Medical, Inc.*, 6:16-bk-15707SC; *In re B & B Family, Incorporated* 6:16-bk-19993MH; *In re Bernadette Chapman* 6:16-bk-20430MJ; *In re Wayne Rizzi* 6:17-bk-10334WJ; In re Malik and Zobia Asif, 6:17-bk-13853MH; In re Robert & Sharon Phelps 6:17-bk-15310MW.

Ex. 1

**Julie Philippi - *Senior Associate Attorney*:** admitted to the State Bar of California, 1993; Central District of California, 1993; Southern District of California, 1993; Northern District of California, 1993; and Eastern District of California, 1993. University of California, Berkeley – Boalt Hall School of Law, Berkeley, CA (J.D. 1993). University of South Carolina, Columbia, SC (B.A. 1987).

Ms. Philippi joined the Firm in April 2016. She has represented thousands of debtors in her consumer practice; she had been previously certified as a Specialist in Bankruptcy Law by the California State Bar Association (re-certification pending). She has previously served as staff attorney to the Chapter 13 Trustee; she founded two private law firms; and she is a past president of the Inland Empire Bankruptcy Forum. Ms. Philippi was an extern for the Honorable Robert Timlin at the California Court of Appeal, Fourth District, Division Two in 1992.

**Michael Ortiz – *Associate Attorney*:** admitted to the State Bar of California, 2017; Central District of California, 2017. Arizona State University, Sandra Day O'Connor College of Law, Tempe, AZ (J.D. 2015). Arizona State University, Sandra Day O'Connor College of Law, Tempe, AZ (Intellectual Property Certificate 2015). University of California, Riverside, CA (B.A. 2011).

Mr. Ortiz joined the Firm in 2015. He was a Judicial Extern for the Ninth Circuit Court of Appeal and United States District Court, Central District of California.

## DESCRIPTION OF QUALIFICATIONS OF FIRM'S PARAPROFESSIONALS

**Dana R. Cormey - *Law Clerk*:** Ms. Cormey has over eleven (11) years of bankruptcy experience in Chapters 7, 11, and 13. Ms. Cormey originally joined the Firm in 2008. Southern California Law School in Riverside, CA (JD Candidate, 2017). California State University, San Bernardino in San Bernardino, CA (B.A. 2004). California State University, San Bernardino (Paralegal Certificate 2004).

**Daisy J. Diaz - *Senior Paralegal*:** Ms. Diaz is a senior paralegal with ten (10) years of experience in Chapters 7, 11, and 13. Ms. Diaz joined the Firm in October 2011. Mt. San Jacinto College, San Jacinto, CA (Paralegal Certificate in progress). University of California, Riverside, CA (B.A. in progress).

**Jessica Stuhlmiller - *Paralegal*:** Ms. Stuhlmiller is a paralegal with over six (6) years of experience in Chapter 11's. Ms. Stuhlmiller joined the Firm in November 2016. University of California, Irvine, CA (ABA Paralegal Certificate 2011). University of California, Berkeley, CA (B.A. 2007).

**Adela Salgado - *Paralegal*:** Ms. Salgado joined the Firm in April 2016. Riverside City College, Riverside in Riverside, CA (A.A. 2016).



# THE TUROCI FIRM
3845 Tenth Street
Riverside, CA 92501

Todd Turoci, Attorney
Julie Philippi, Attorney

Telephone: 951-784-1678
Facsimile:  866-762-0618
mail@theturocifirm.com

August 28, 2017

Jared Scarth, Managing Member
Lincoln James Investment Properties, LLC
27310 Madison Ave #103
Temecula CA  92590

## STANDARD CHAPTER 11 RETAINER AGREEMENT

Dear Mr. Scarth:

  Please accept this letter as confirmation that you have retained The Turoci Firm (the "Firm") to represent Lincoln James Investment Properties, LLC (LJIP) regarding a Chapter 11 bankruptcy filing.  This agreement is effective on the date the Firm first provided legal services on LJIP's behalf or the date set forth above whichever is later.

  The Firm will act as LJIP's reorganization/liquidation counsel, and, in such connection, will render such ordinary and necessary legal services as may be required in connection with the Chapter 11 bankruptcy filing.  This includes assisting LJIP in analyzing its financial situation; providing LJIP with information regarding the potential benefits and detriments of a bankruptcy filing; preparing and filing the voluntary petition, schedules, statement of financial affairs, and the other papers required to be filed to commence a bankruptcy case; advising LJIP with respect to matters concerning executory contracts and leases, cash collateral, creditors' claims and negotiation; assisting LJIP in the preparation and confirmation of a chapter 11 plan of reorganization; representing you in litigation in the bankruptcy court, limited to bankruptcy law issues; and otherwise advising LJIP regarding its legal rights and responsibilities under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

  In the event LJIP desires the Firm perform legal services for it other than as described above, LJIP will advise us of such services and if the Firm agrees to undertake the representation, a further retainer letter will be drafted and signed before the additional services are undertaken.

  Be aware that we represent LJIP and not Jared Scarth the individual or any individual member or manager of LJIP.

Our current hourly rates for attorney and paralegal time vary depending upon the education and experience level of the individual performing the services. The hourly rates of our professional staff range from $175 per hour to $500 per hour. We keep track of our time in tenths of an hour. LJIP shall be charged for all time incurred by our attorneys and paralegals in handling the case. This includes but is not limited to time spent on or in consultations, appointments, telephone calls, emails, other correspondence, research, drafting, travel time, and court time.

Costs are added when our office advances or incurs expenses. We charge for long distance calls, messengers, and parking at cost. Other common expenses are billed as follows: photocopying at twenty cents ($.20) per page and mileage at the standard IRS rate.

We must receive an executed copy of this agreement before we will file LJIP's bankruptcy petition. We have already received a $17,000 retainer (the "Retainer"). The Retainer will be deposited into our client trust account to be applied in satisfaction of the fees and costs incurred before filing the petition. The remainder of the Retainer, if any, shall remain in the trust account to be drawn down as allowed by the bankruptcy court. The total cost of this Chapter 11 case will exceed the Retainer depending on how complex and litigious the case becomes. Fees in simple cases with little to no conflict can easily reach $40,000 - $50,000. If a case is more complex or there is conflict with creditors, the fees can be substantially higher.

The parties hereto expressly understand and agree that following the filing of the bankruptcy petition, all fees and costs incurred by the Firm for this matter will be subject to review and approval by the bankruptcy court and will be paid from the bankruptcy estate of debtor. The parties agree to cooperate with one another to not unreasonably delay the presentation of any of the Firm's invoices to the bankruptcy court and to use reasonable efforts to seek prompt approval from the bankruptcy court to permit timely payment of the Firm's invoices.

If LJIP's Chapter 11 case is ultimately dismissed for any reason, LJIP will still owe the fees charged by the Firm up to that date. Similarly, if LJIP chooses to replace us with other counsel or we withdraw from representation, LJIP will be responsible for the fees incurred up to that date.

Either party may request that this agreement be terminated at any time, however, the Firm may not terminate this agreement without just cause or except as provided by the Professional Rules of Conduct for attorneys. If LJIP desires to retain another attorney, we agree to cooperate with anyone it chooses to implement an orderly transition. This office will be entitled to fees and reimbursement of costs as provided by this agreement for the transition work. If we want to stop representing LJIP due to reasonable cause, we will give LJIP up to thirty days' notice to retain another attorney. At the end of that time, LJIP agrees to sign a form that will relieve us as its attorneys. The new attorneys can take over from that point.

Please sign the original copy of this letter of agreement to indicate that you have read and understood its contents and return it to the Firm. We assume, and it is expected, that you will ask any questions that you may have before signing it.

While we cannot guarantee results or make representations as to our results, we do guarantee our customer service. If at any time you do not feel that our response to LJIP is as prompt as you feel that it should be or if you do not understand any aspect of LJIP's case, please let us know, and we will promptly schedule a meeting or telephone conference to ensure you are clear on each and every issue in the case.

As always, please do not hesitate to contact us with any questions.

Very truly yours,

THE TUROCI FIRM
Todd Turoci

I have read and understand the terms of this letter agreement, accept and agree to abide by the terms of this agreement and/or to perform my obligations under this agreement.

Dated: August 28, 2017

_____
Jared Scarth, Managing Member
Lincoln James Investment Properties, LLC

I have read and understand the terms of this Retainer Agreement, accept, and agree to abide by the terms of this Agreement to the extent it applies to any guarantor hereunder, and to guaranty the performance of LJIP under this Agreement to the extent that LJIP may be in default of its obligations hereunder at any time in the future.

Dated: August 28, 2017

_____
Jared Scarth

Dated: August 28, 2017

_____
Victoria Scarth

3 | Page

    Please sign the original copy of this letter of agreement to indicate that you have read and understood its contents and return it to the Firm. We assume, and it is expected, that you will ask any questions that you may have before signing it.

    While we cannot guarantee results or make representations as to our results, we do guarantee our customer service. If at any time you do not feel that our response to LJIP is as prompt as you feel that it should be or if you do not understand any aspect of LJIP's case, please let us know, and we will promptly schedule a meeting or telephone conference to ensure you are clear on each and every issue in the case.

    As always, please do not hesitate to contact us with any questions.

                                          Very truly yours,

                                          THE TUROCI FIRM
                                          Todd Turoci

I have read and understand the terms of this letter agreement, accept and agree to abide by the terms of this agreement and/or to perform my obligations under this agreement.

Dated: August 28, 2017                                   _____
                                                    Jared Scarth, Managing Member
                                                    Lincoln James Investment Properties, LLC

I have read and understand the terms of this Retainer Agreement, accept, and agree to abide by the terms of this Agreement to the extent it applies to any guarantor hereunder, and to guaranty the performance of LJIP under this Agreement to the extent that LJIP may be in default of its obligations hereunder at any time in the future.

Dated: August 28, 2017                                   _____
                                                    Jared Scarth

Dated: August 28, 2017                                   _____
                                                    Victoria Scarth

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3845 Tenth Street.**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*):  **MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF TODD TUROCI AND JARED SCARTH IN SUPPORT THEREOF** will be served or was served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **9/21/2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Candace Carlyon**     ccarlyon@clarkhill.com, Crobertson@clarkhill.com;nrodriguez@clarkhill.com
- **Everett L Green**     everett.l.green@usdoj.gov
- **Richard A Rogan**     rrogan@jmbm.com, jb8@jmbm.com;to1@jmbm.com
- **Todd L Turoci**     mail@theturocifirm.com
- **United States Trustee (RS)**     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **9/21/2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/21/2017 | Adela Salgado | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                         **9013-3.1.PROOF.SERVICE**

## Service Information

Lincoln James Investment Properties, LLC
27310 Madison Ave, STE 103
Temecula, CA 92590

United States Trustee
3801 University Ave, Suite 720
Riverside, CA 92501-3200

Jared Scarth
31222 Mangrove Dr
Temecula, CA 92592

Pacific Flooring Company
31222 Mangrove Dr
Temecula, CA 92592

Scarth & Associates
31222 Mangrove Dr
Temecula, CA 92592

TAP Worldwide, LLC
27310 Madison Ave
Temecula, CA 92590

Coast Assessment Service Company
12755 Brookhurst Street, Suite 101
Garden Grove, CA 92842

Coast Assessment Service Company
P.O. Box 972
Garden Grove, CA 92842

Hon. Wayne Johnson
USBC Riverside Division
3420 Twelfth Street, Suite 385
Riverside, CA 92501

## Secured Creditors

Happy Rock Merchant Solutions, LLC
149 W 36th Street
New York, NY 10018

Plaza Bank
18200 Von Karman ave, #500
Irvine, CA 92612

Riverside County Treasurer
P.O. Box 12005
Riverside, CA 92502

## 20 Largest Unsecured Creditors

Frontier Communications
P.O. Box 5157
Tampa, FL 33675

New Way Landscape & Tree Service
7485 Ronson Road
San Diego, CA 92111

Rancho California Water
P.O. Box 9017
Temecula, CA 92589

Southern California Edison
P.O. Box 300
Rosemead, CA 91772-0001

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

9013-3.1.PROOF.SERVICE