**THE TUROCI FIRM**
Todd Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
3845 Tenth Street
Riverside, CA 92501
Telephone: (888) 332-8362
Facsimile: (866) 762-0618
Email: mail@theturocifirm.com

Attorney for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

In re:

LINCOLN JAMES INVESTMENT
PROPERTIES, LLC,

            Debtor and Debtor in
            Possession.

) Chapter 11
)
) Case No. 6:17-bk-17285WJ
)
) **NOTICE OF MOTION AND MOTION TO**
) **APPROVE USE OF CASH COLLATERAL**
) **AND ADEQUATE PROTECTION;**
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES; AND DECLARATION OF**
) **JARED SCARTH IN SUPPORT THEREOF**
)
) **Hearing:**
) **DATE:**   October 24, 2017
) **TIME:**   1:00 p.m.
) **CTRM:**  Courtroom 304
)           US Bankruptcy Court
)           3420 Twelfth Street
)           Riverside, CA 92501
)
)
)
)
)
)

     **TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; OTHER CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** on October 24, 2017, at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Wayne Johnson, United States Bankruptcy Judge, in Courtroom 304 of the United States Bankruptcy Court for the Central District of California, located at 3420 Twelfth Street, Riverside, California, Lincoln James Investment Properties, LLC, the debtor and debtor in possession herein (the "Debtor"), will move this Court for an order authorizing the use of cash collateral retroactively from August 30, 2017, through the Effective Date of a plan or dismissal or conversion of the case. The Motion is brought pursuant to 11 U.S.C. sections 361 and 363 and in accordance with Federal Rules of Bankruptcy Procedure 4001 and 9014 and Local Bankruptcy Rules 4001-2 and 9013-1.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Jared Scarth, all exhibits attached hereto, and the arguments, evidence, and representations that may be presented at or prior to the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that, if you do not oppose the Motion, you need take no further action. If you do oppose the Motion, Local Bankruptcy Rule 9013-1(f) requires that any response to the Motion be filed with the Court and served upon counsel for the moving party not less than fourteen (14) days before the hearing date.

**PLEASE TAKE FINAL NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h) the failure to file and serve a timely opposition to the Motion may be deemed by the Court to constitute consent to the Court's granting the relief sought therein.

Dated: October 2, 2017                          **THE TUROCI FIRM**

                                        By:

                                        Todd Turoci
                                        Attorney for Debtor in Possession
                                        Lincoln James Investment
                                        Properties, LLC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334. This matter relates to the administration of Debtor's bankruptcy estate and is accordingly a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A) and (M). Venue is proper in this court pursuant to 28 U.S.C. sections 1408 and 1409.

### II.

### STATEMENT OF FACTS

#### A.  General Background

On August 30, 2017, Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code in the Central District of California. Declaration of Jared Scarth, attached hereto. Debtor is operating as a debtor-in-possession pursuant to 11 U.S.C. sections 1107 and 1108.[1] *Id.* Debtor owns a single parcel of commercial real property located at 27310 Madison Avenue, Temecula, California (the "Real Property") that has an estimated value of $7 million. *Id.*; Grant Deed, attached hereto as Exhibit 1. The Real Property is rented to two tenants. Scarth Declaration. Debtor has no other business and has no employees. *Id.*

As of the petition date, there were two loans secured by the Real Property. *Id.* The senior deed of trust is held by Plaza Bank ("Plaza") and the junior deed of trust is held by Happy Rock Merchant Solutions, LLC ("Happy Rock"). *Id.*; see also Deeds of Trust, attached hereto as Exhibits 2 and 3 in order of seniority. Each of the Deeds of Trust contain an assignment of rents clause. Exs. 2 and 3.

---

[1] All statutory references are to Title 11 of the United States Code unless otherwise noted.

The approximate balance owed to Plaza is $3.6 million; and the approximate balance owed to Happy Rock is alleged to be $1.5 million.[2] See Plaza Bank Demand Letter dated August 18, 2017, attached hereto as Exhibit 4, and Notice of Unified Trustee's Sale recorded August 9, 2017, attached hereto as Exhibit 5.

**B.      Necessity of the Filing of This Chapter 11 Case**

The loan that is secured by the Happy Rock Deed of Trust is a "hard money" loan, meaning that the interest rate on the loan is significantly higher than what is offered on a bank loan, and the loan terms required substantial daily payments. Scarth Declaration. When the loan could no longer be serviced, Happy Rock commenced foreclosure proceedings on the Real Property. *Id.* Debtor attempted to refinance both loans, but the new loan offer was withdrawn just prior to the close of escrow. *Id.* Debtor then attempted to sell the Real Property, but was offered less than fair value due to pending foreclosure. *Id.* Debtor accepted the offer, but just prior to the close of escrow, the proposed buyer unilaterally demanded a $500,000 reduction in the purchase price, presumably under the belief that Debtor would be forced to agree or lose the Real Property. *Id.* Debtor did not agree to the price reduction, and instead filed the instant petition in order to explore its options. *Id.*

### III.

### AUTHORITY TO USE CASH COLLATERAL

Section 363(c)(1) allows a debtor the flexibility to engage in ordinary course of business transactions necessary to operate its business without unnecessary oversight by its creditors or the court. *In re Straightline Investments, Inc.*, 525 F.3d 870, 879 (9th Cir. 2008). There are limitations however, when a debtor seeks to use "cash collateral." Section 363(a) defines cash collateral as

---

[2] Debtor disputes this amount, and believes the true balance to be approximately $900,000 - $1 million. Scarth Declaration.

"cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . .." Cash collateral can only be used if either "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

The rents received by Debtor from its tenants are cash collateral. Debtor needs to use the cash collateral to maintain the property and stay post-petition current on property taxes, property insurance, property association dues, common area utilities, repairs, maintenance, and any other property-related expenses. Scarth Declaration; Proposed Budget, attached hereto as Exhibit 6. Debtor will not use the cash collateral to pay any expense that is not property related except for U.S. Trustee quarterly fees, and any other required court costs. Scarth Declaration. Debtor is requesting that the use of cash collateral be retroactive to the petition Date because Debtor had to pay an electric bill shortly after filing. *Id.*

## IV.

## <u>ADEQUATE PROTECTION</u>

Pursuant to section 363(e), on request of an entity that has an interest in property to be used, sold, or leased by the debtor in possession, the court may condition such use, sale or lease of property as is necessary to provided adequate protection of such interest. Section 361 sets forth three non-exclusive examples of what may constitute adequate protection: (1) periodic cash payments equivalent to decrease in value, (2) an additional or replacement lien on other property, or (3) other relief that provides the indubitable equivalent. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).

Debtor and Plaza have already entered into a stipulation for the use of cash collateral, a copy of which is attached hereto as Exhibit 7. The stipulation provides for the payment of the monthly post-petition loan payments commencing with the September 1, 2017 payment and the payment of the expenses as described in the attached budget. Debtor has also agreed that Plaza shall have a replacement lien in the cash collateral to the same degree and extent that it had pre-petition.

Attached hereto as Exhibit 8 is the Statement Regarding Cash Collateral or Debtor in Possession Financing as required by Local Bankruptcy Rule 4001-2. Attached hereto as Exhibit 9 is a proposed order.

## V.

## REQUEST FOR RELIEF

For the reasons described hereinabove, Debtor respectfully requests that this Court enter its Order:

1. Approving the Stipulation for use of cash collateral between Debtor and Plaza Bank that is attached hereto as Exhibit 7;

2. Authorizing Debtor to use the cash collateral retroactive from the August 30, 2017 through the Effective Date of a confirmed plan of reorganization or dismissal or conversion of the case; and

3. Granting such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

Dated:  10/2/17

**THE TUROCI FIRM**

By: 
Todd Turoci
Attorney for Debtor in Possession
Lincoln James Investment
Properties, LLC

## DECLARATION OF TODD TUROCI

I, Todd L. Turoci, declare and state as follows:

I am an attorney at law, duly licensed by the State Bar of California and admitted to appear in all courts in the State of California. I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following:

1.  I am the attorney of record for Lincoln James Investment Properties, LLC, the debtor and debtor in possession in this bankruptcy case.

2.  Attached hereto as Exhibit 1 is a true and correct copy of the Grant Deed recorded March 19, 2013 as Document Number 2013-0131411 in the County of Riverside, State of California, that I obtained from datatree.com, a property and title database maintained by First American Data Tree.

3.  Attached hereto as Exhibit 2 is a true and correct copy of the Deed of Trust recorded September 11, 2015 as Document Number 2015-0406325 in the County of Riverside, State of California, that I obtained from datatree.com.

4.  Attached hereto as Exhibit 3 is a true and correct copy of the Deed of Trust recorded December 27, 2016 as Document Number 2016-0576748 in the County of Riverside, State of California, that I obtained from datatree.com.

5.  Attached hereto as Exhibit 5 is a true and correct copy of the Notice of Unified Trustee's Sale recorded August 9, 2017 as Document Number 2017-0328166 in the County of Riverside, State of California, that I obtained from datatree.com.

///

///

1         I declare under penalty of perjury under the laws of the United States that the foregoing is

2   true and correct. Executed this 2 day of October, 2017 at Riverside, California.

3

                                  Todd Turoci

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF JARED SCARTH**

I, Jared Scarth, declare and state:

I am the president and sole member of Lincoln James Invest Properties, LLC, the debtor herein. I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1. On August 30, 2017, Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code in the Central District of California. Debtor is operating as a debtor-in-possession.

2. Debtor owns a single parcel of commercial real property located at 27310 Madison Avenue, Temecula, California. I am familiar with the property and surrounding neighborhood. I estimate the value of the Real Property to be $7 million. The Real Property is rented to two tenants. Debtor has no other business and has no employees.

3. As of the petition date, there were two loans secured by the Real Property. The senior deed of trust is held by Plaza Bank and the junior deed of trust is held by Happy Rock Merchant Solutions, LLC.

4. The approximate balance owed to Plaza is $3.6 million; and the approximate balance owed to Happy Rock is alleged to be $1.5 million. I dispute that amount. I believe the true balance approximately $900,000 - $1 million. Attached hereto as Exhibit 4 is a true and correct copy of a Demand Letter that I received from Plaza Bank dated August 18, 2017.

5. The loan that is secured by the Happy Rock Deed of Trust is a "hard money" loan, meaning that the interest rate on the loan is significantly higher than what is offered on a bank loan, and the loan terms required substantial daily payments. When the loan could no longer be serviced, Happy Rock commenced foreclosure proceedings on the Real Property.

6.    I attempted to refinance both loans, but the new loan offer was withdrawn just prior to the close of escrow.

7.    I then attempted to sell the Real Property, but was offered less than fair value due to pending foreclosure. I accepted the offer because I did not want Debtor to lose the Real Property, but just prior to the close of escrow, the proposed buyer unilaterally demanded a $500,000 reduction in the purchase price, presumably under the belief that Debtor would be forced to agree or lose the Real Property. I did not agree to the price reduction, and instead Debtor filed the instant petition in order to explore its options.

8.    Debtor needs to use the cash collateral to maintain the property and stay post-petition current on property taxes, property insurance, property association dues, common area utilities, repairs, maintenance, and any other property-related expenses. A proposed monthly budget is attached hereto as Exhibit 6. Debtor will not use the cash collateral to pay any expense that is not property related except for U.S. Trustee quarterly fees, and any other required court costs. Debtor is requesting that the use of cash collateral be retroactive to the petition Date because Debtor had to pay an electric bill shortly after filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this ____ day of October, 2017 at Temecula, California.

Jared Scarth

# Exhibit 1

´ LAWYERS TITLE COMPANY

**RECORDING REQUESTED BY:**
Lawyers Title Company

**AND WHEN RECORDED MAIL TO:**

Lincoln James Investment Properties LLC
31222 Mangrove Dr.,
Temecula, CA 92592

**DOC # 2013-0131411**
03/19/2013 08:00 AM Fees: $31.00
Page 1 of 3  Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: CARAGON

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 9513729-27 | Escrow No.: 12-59937-DB |
|---|---|
| TRA 013-067 | **GRANT DEED** |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
      **DOCUMENTARY TRANSFER TAX is $ NOT OF PUBLIC RECORD.**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Temecula **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Continental Commercial Group, LLC, a California Limited Liability Company**

hereby GRANT(s) to:

**Lincoln James Investment Properties LLC, a California Limited Liability Company**

the following described real property in the City of Temecula, County of Riverside, State of California, described
as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 27310 Madison Avenue, Temecula, CA

APN#: 910-282-011-4

DATE: March 13, 2013

PLEASE SEE PAGE TWO FOR GRANTOR'S SIGNATURE.

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

DOC #2013-0131411  Page 2 of 3 03/19/2013 08:00 AM

GRANT DEED - PAGE TWO

GRANTOR'S SIGNATURE:

Continental Commercial Group, LLC, a California
Limited Liability Company

By: _____
Norman Solomon, Manager

STATE OF CALIFORNIA )
                                              )SS
COUNTY OF _Los Angeles_ )

On _March 18, 2013_                    before me, _Rafael Morales Jr_____, a
Notary Public personally appeared, _Norman_    _Solomon_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the within instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

RAFAEL MORALES JR
Commission # 1974552
Notary Public - California
Los Angeles County
My Comm. Expires Apr 8, 2016

Exhibit 1, Page 003

DOC #2013-0131411  Page 3 of 3 03/19/2013 08:00 AM

### Exhibit A

All that certain real property situated in the County of Riverside, State of California, described as follows:

Parcel A:

Parcel 5 of Parcel Map 23561-1, in the City of Temecula, County of Riverside, State of California, as shown by Map on file in Book 157, Page(s) 44 through 46 of Parcel Maps, Records of Riverside County, California.

Excepting therefrom all mineral rights more than 500 feet below the surface of said land, without the right of surface or subsurface entry from the surface to a depth of 500 feet below the surface as reserved in the deed from Bedford Development Company recorded July 13, 1989 as Instrument No. 233697 of Official Records.

Parcel B:

All those certain rights, benefits and easements which benefit the property described in Parcel A above as set out in that certain "Revised and Restated Declaration of Restrictions and Grant of Easements" recorded March 26, 1990 as Instrument No. 107571 of Official Records, upon and subject to the terms and provisions therein contained.

legal rev. (010698)

# Exhibit 2

**DOC # 2015-0406325**
09/11/2015 12:40 PM Fees: $52.00
Page 1 of 10
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARY #420

Recording Requested By
Fidelity National Title

**WHEN RECORDED MAIL TO:**
Plaza Bank
Irvine Branch
18200 Von Karman Ave., Suite 150
Irvine, CA

23068832-KM

**FOR RECORDER'S USE ONLY**

## DEED OF TRUST

THIS DEED OF TRUST is dated August 28, 2015, among Lincoln James Investment Properties LLC, a California limited liability company, whose address is 27310 Madison Avenue, Suite 103, Temecula, CA  92590 ("Trustor"); Plaza Bank, whose address is Irvine Branch, 18200 Von Karman Ave., Suite 150, Irvine, CA (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and Fidelity National Title Company, whose address is 1300 Dove Street, Suite 310, Newport Beach, CA  92660 (referred to below as "Trustee").

CONVEYANCE AND GRANT.  For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in Riverside County, State of California:

See Exhibit 'A', which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein.

The Real Property or its address is commonly known as  27310 Madison Avenue, Temecula, CA  92590. The Assessor's Parcel Number for the Real Property is 910-282-011-4.

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property.  This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938.  In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF THE TRUSTOR UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST.  THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE.  Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Trustor's obligations under the Note, this Deed of Trust, and the Related Documents.

POSSESSION AND MAINTENANCE OF THE PROPERTY.  Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

Possession and Use.  Until the occurrence of an Event of Default, Trustor may  (1)  remain in possession and control of the Property; (2)  use, operate or manage the Property; and  (3)  collect the Rents from the Property.

Duty to Maintain.  Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

Compliance With Environmental Laws.  Trustor represents and warrants to Lender that:  (1)  During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property;  (2)  Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing,  (a)  any breach or violation of any Environmental Laws,  (b)  any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or  (c)  any actual or threatened litigation or claims of any kind by any person relating to such matters; and  (3)  Except as previously disclosed to and acknowledged by Lender in writing,  (a)  neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and  (b)  any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property

DOC #2015-0406325  Page 2 of 10

**DEED OF TRUST**

**(Continued)**                                    Page 2

to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Trustor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount

Exhibit 2, Page 003

### DEED OF TRUST
**Loan No:** ▮▮▮▮00-3 **(Continued)** Page 3

sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Lender's sole judgment Lender's security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.** Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Trustor's Indebtedness shall be paid in full.

**CONDEMNATION.** The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**DEED OF TRUST**
**(Continued)**

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Trustor which Trustor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Trustor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same affect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Trustor or on Trustor's behalf under this

**DEED OF TRUST**
**(Continued)**

Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** · This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Trustor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Trustor's existence as a going business or the death of any member, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Trustor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Trustor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Trustor under the terms of any other agreement between Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Trustor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Right to Cure.** If any default, other than a default in payment, is curable and if Trustor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Trustor, after Lender sends written notice to Trustor demanding cure of such default: (1) cures the default within ten (10) days; or (2) if the cure requires more than ten (10) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Foreclosure by Sale.** Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.** With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.** Lender shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from

Exhibit 2, Page 006

DOC #2015-0406325  Page 6 of 10

## DEED OF TRUST
**Loan No:** ████700-3    **(Continued)**    Page 6

the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of Riverside County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.** Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the

Exhibit 2, Page 007

**DEED OF TRUST**
**(Continued)**

statement of obligation as provided by Section 2943 of the Civil Code of California.

**FIXTURE FILING.** This Deed of Trust covers Goods which are or are to become fixtures on the real property described herein and is to be recorded in the Real Estate Records as a Fixture Filing. Trustor is the "Debtor", Beneficiary is the "Secured Party"; and the addresses of each are specified in the first paragraph of this Deed of Trust.

**SOLE CURE RIGHTS SET FORTH IN NOTE.** Notwithstanding any contrary provision of this Deed of Trust, a Trustor shall only have rights to cure any default(s) under the Note or this Deed of Trust to the extent such cure rights are expressly set forth in the Note.

**COMMERCIAL PURPOSE.** The party or parties executing this document below represent and warrant to Lender that the proceeds of the loan referenced herein shall be used exclusively for commercial and business purposes, and that none of the proceeds of such loan shall be used for personal, family, or household purposes.

**EARTHQUAKE INSURANCE.** In the event that Trustor at any time carries earthquake insurance concerning the Property, such earthquake insurance shall be conclusively deemed to have been required by Lender hereunder, and in any event, Trustor voluntarily agrees that any and all proceeds of earthquake insurance concerning the Property are hereby irrevocably assigned to Lender and shall be payable to and applied by Lender in the same manner as this Deed of Trust provides for other property insurance proceeds.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law. This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of California.**

**Choice of Venue.** If there is a lawsuit, Trustor agrees upon Lender's request to submit to the jurisdiction of the courts of Orange County, State of California.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means Plaza Bank, and its successors and assigns.

**Borrower.** The word "Borrower" means Lincoln James Investment Properties LLC and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

## DEED OF TRUST
### (Continued)

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means Plaza Bank, its successors and assigns.

**Note.** The word "Note" means the promissory note dated August 28, 2015, **in the original principal amount of $3,700,000.00** from Trustor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement. **NOTICE TO TRUSTOR: THE NOTE CONTAINS A VARIABLE INTEREST RATE.**

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness; except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means Fidelity National Title Company, whose address is 1300 Dove Street, Suite 310, Newport Beach, CA 92660 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means Lincoln James Investment Properties LLC.

TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS, INCLUDING THE VARIABLE RATE PROVISIONS OF THE NOTE SECURED BY THIS DEED OF TRUST.

TRUSTOR:

LINCOLN JAMES INVESTMENT PROPERTIES LLC

By: _____
Jared H. Scarth, Managing Member of Lincoln James Investment Properties LLC

**DEED OF TRUST**
**(Continued)**

Loan No: [REDACTED]00-3                                                              Page 9

## CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF _CALIFORNIA_                                    )
                                                        ) SS
COUNTY OF _ORANGE_                                       )

On ___SEPTEMBER 09___, 20_15_ before me, __Lorraine E. Peterson, Notary Public__ ,
                                          (here insert name and title of the officer)

personally appeared Jared H. Scarth, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Lorraine E. Peterson_

> LORRAINE E. PETERSON
> COMM. #2101793
> Notary Public - California
> Orange County
> My Comm. Expires Mar. 28, 2019

(Seal)

---

**(DO NOT RECORD)**
**REQUEST FOR FULL RECONVEYANCE**
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

Date: _____          Beneficiary: _____
                                                      By: _____
                                                     Its: _____

---

LaserPro, Ver. 15.1.10.038  Copr. D+H USA Corporation 1997, 2015.  All Rights Reserved.  - CA  G:\HARLAND\CFI\LPL\G01.FC
TR-2653  PR-33

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF TEMECULA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

PARCEL 5 OF PARCEL MAP NO. 23561-1, IN THE CITY OF TEMECULA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 157, PAGE(S) 44 THROUGH 46, INCLUSIVE OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM ALL MINERAL RIGHTS MORE THAN 500 FEET BELOW THE SURFACE OF SAID LAND, WITHOUT THE RIGHT OF SURFACE OR SUBSURFACE ENTRY FROM THE SURFACE TO A DEPTH OF 500 FEET BELOW THE SURFACE AS RESERVED IN THE DEED FROM BEDFORD DEVELOPMENT COMPANY RECORDED JULY 13, 1989 AS INSTRUMENT NO. 233697 OF OFFICIAL RECORDS.

PARCEL B:

ALL THOSE CERTAIN RIGHTS, BENEFITS AND EASEMENTS WHICH BENEFIT THE PROPERTY DESCRIBED IN PARCEL A ABOVE AS SET OUT IN THAT CERTAIN "REVISED AND RESTATED DECLARATION OF RESTRICTIONS AND GRANT OF EASEMENTS" RECORDED MARCH 26, 1990 AS INSTRUMENT NO. 107571 OF OFFICIAL RECORDS, UPON AND SUBJECT TO THE TERMS AND PROVISIONS THEREIN CONTAINED.

APN: 910-282-011-4

# Exhibit 3

**RECORDING REQUESTED BY**

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Return to:
Document Recording Services
P.O. Box 3008
Tallahassee, FL 32315-3008

**2016-0576748**
12/27/2016 11:13 AM Fee: $ 65.00
Page 1 of 6
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Space Above This Line for Recorder's Use Only

A.P.N.: 910-282-011-4          
REF125130455A

**580**

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (LONG FORM)

THIS DEED OF TRUST, made this 14th day of December, 2016, between

TRUSTOR: **Lincoln James Investment Properties, LLC**

whose address is **27310 Madison Ave, Temecula, CA 92590**

TRUSTEE: **Rick Geller, LLC**

and BENEFICIARY: **Happy Rock Merchant Solutions, LLC**
**149 West 36th St., 12th Floor, New York, NY 10018**

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the City of Temecula, County of Riverside, State of California, described as:

Parcel A:
Parcel 5 of Parcel Map 23561-1, in the City of Temecula, County of Riverside, State of California, as shown by Map on file in Book 157, Page(s) 44 through 46 of Parcel Maps, Records of Riverside County, California.

Excepting therefrom all mineral rights more than 500 feet below the surface of said land, without the right of surface or subsurface entry from the surface to a depth of 500 feet below the surface as reserved in the deed from Bedford Development Company recorded July 13, 1989 as instrument No. 233697 of Official Records.

Parcel B:
All those certain rights, benefits and easements which benefit the property described in Parcel A above as set out in that certain "Revised and Restated Declaration of Restrictions and Grant of Easements" recorded March 26, 1990 as Instrument No. 107571 of Official Records, upon and subject to the terms and provisions therein contained.

The Real Property or its address is commonly known as 27310 Madison Ave, Temecula, CA 92590. The Assessor's Parcel Number for the Real Property is 910-282-011-4.

together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $1,517,536.00, with interest thereon according to the terms of a promissory

(Continued on Page 2)

1193 (1/94)
Page 1 of 6

Exhibit 3, Page 002

note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A.  To protect the security of this Deed of Trust, Trustor agrees:

  1)  To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

  2)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

  3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

  4)  To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust

      Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

  5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.  It is mutually agreed:

  1)  That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release

(Continued on Page 3)

1193 (1/94)
Page 2 of 6

such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3)  ʌ  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4)   That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5)   That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right; prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6)   That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of said having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for case in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of

(Continued on Page 4)

the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply to proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10)   Trustor requests that copies of the notice of default and notice of sale be sent to Trustor's address as shown above.

Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

If the Trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

TRUSTOR WAIVES ANY AND ALL SURETYSHIP DEFENSES, WHETHER ARISING BY CONTRACT, STATUTE OR BY OPERATION OF LAW.

### [SIGNATURE COUNTERPART PAGES FOLLOW]

(Continued on Page 5)

Exhibit 3, Page 005

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust as of the dates set forth below:

**TRUSTOR**
**Lincoln James Investment Properties, LLC**

By:

Name:    Jared H. Scarth

Title:    Member  Manager

Date:    12/16/16

---

**Consumer Notary Disclosure**
A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF  California                    )SS

COUNTY OF  Riverside              )

On  Dec 16, 2016                , before

me,        Gen Cress                    , Notary Public, personally

appeared     Jared M. Scarth

_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

GEN CRESS
COMM. # 2041594
NOTARY PUBLIC-CALIFORNIA
RIVERSIDE COUNTY
MY COMM. EXP. SEP. 16, 2017

My Commission Expires:  Sep 16, 2017      *This area for official notarial seal*

Notary
Name:    Gen Cress

Notary Registration
Number:  # 2041594

Notary
Phone:  951-296 0485

County of Principal Place of
Business: Riverside

(Continued on Page 6)

Exhibit 3, Page 006

----------------------------------------------------------DO NOT RECORD---------------------------------------------------------

## REQUEST FOR FULL RECONVEYANCE

*To be used only when note has been paid.*

**To: Rick Geller, LLC, Trustee**                                    Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust.  All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:                         _____

_____     _____

_____

_____     By_____

_____     By_____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.**
**Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

# Exhibit 4



**Plaza Bank**
SERVICE YOU CAN BANK ON℠

## DEMAND LETTER

August 18, 2017

*Sent via -Regular Mail and Certified Mail*
#7016-2710-0000-5353-3153

Lincoln James Investment Properties LLC
Jared H. Scarth
27310 Madison Avenue, Suite 103
Temecula, CA 92590-5622

**RE:    Plaza Bank Loan No:** ▮▮▮▮**00-3 – Notice of Default and Acceleration, Late
Charges, Demand for Payment**

You are herby notified that Lincoln James Investment Properties LLC ("Borrowers"), are in default
under the above-referenced Loan as follows:

> ➢ **FAILURE TO PAY THE PAYMENTS DUE UNDER PROMISSORY NOTE #100281700-
> 3, DATED August 28, 2015 IN THE ORIGINAL PRINCIPAL SUM OF $3,700,000.00.**

> ➢ **FAILURE TO PAY TAXES AND LIENS, PURSUANT TO THE DEED OF TRUST,
> DATED August 28, 2015, WHICH WAS RECORDED IN THE OFFICE OF THE
> Riverside("COUNTY'), CA RECORDED ON September 11, 2015, AS DOCUMENT
> NUMBER 2015-0406325(THE "DEED OF TRUST").  THE DEED OF TRUST
> PROVIDES PROVISIONS RELATING TO THE TAXES AND LIENS ON THE
> PROPERTY LOCATED AT 27310 Madison Avenue, Temecula, CA – ASSESSOR
> PARCEL #910-282-011-4 ("PROPERTY"), SUCH THAT THE TRUSTOR IS
> OBLIGATED TO THE FOLLOWING:**

Trustor shall pay when due (and in all event at least ten (10) days prior to delinquency) all taxes,
special taxes, assessments, charges (including water and sewer), fines and impositions levied
against or on account of the Property, and shall pay when due all claims of work done on or for
services rendered or material furnished to the Property.  Trustor shall maintain the Property free
of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except
for the lien of taxes and assessments not due and except as otherwise provided in the Deed of
Trust.

Based on the county treasurer's records, you have failed to pay your property taxes current in
the amount of **$39,374.68** as of July 25, 2017, constituting an event of default under the Deed of
Trust.   As such, you are hereby notified that the Lender reserves the right to pursue and
exercise its remedies, including but not limited to, declaring the entire indebtedness secured by
this Deed of Trust immediately due and payable in full, and/or proceed with foreclosure action,
and/or make expenditures and actions to perform an obligation of the Trustor as set forth in the
Deed of Trust.

Demand Letter

Lender is hereby requiring the Borrower to make full payment of all delinquent taxes immediately. If property taxes are not fully satisfied in the sums described above by Monday, August 28, 2017, the Bank shall be entitled to pursue any and all of its contractual or legal rights and remedies.

The Default(s) must be remedied to Lender's satisfaction in order to avoid prompt enforcement action. The promissory note and other loan and security documents in favor of Lender regarding the Loan are herein referred to as the "Loan Documents."

You are hereby notified that as a result of the Default(s), (a) late charge(s) have now accrued and shall continue to accrue as provided under the Loan Documents, and (b) Borrowers are obligated to pay all legal fees and other costs incurred by Lender in connection with the Default(s).

Furthermore, you are hereby notified that, due to the Default and in accordance with the Loan Documents, _**Lender has elected to accelerate the Maturity Date under the Loan Documents, and all unpaid principal and interest under the Loan Documents is immediately due and payable**_.

Total amounts owing are to be remitted to the Bank no later than 4:00pm on Monday, August 28, 2017.

| | |
|---|---|
| Principal Balance | $3,610,078.48 |
| Interest to 8/28/2017 | $34,376.87 |
| Prepayment Penalty | $180,503.92 |
| Late Charges | $1,106.20 |
| | |
| **Amount Due to Plaza Bank** | **$3,826,065.47** |
| **Amount DUE TO Riverside County Tax Collector** | **$39,374.68** |
| **TOTAL AMOUNT DUE BY AUGUST 28, 2017** | **$3,865,440.15** |

*__Note:__ Interest is accruing at the rate of $592.6545505 per day on Note# ▓▓▓▓00-3 on the principal balance of $3,610,078.48 Please call me on the day you intend to pay the full amount owing for an updated balance of all amounts due.*

If the Bank does not receive payment of the sums demanded in the form of certified funds by Monday August 28, 2017, the Bank shall be entitled to pursue any and all of its contractual or legal remedies to collect the debt owed, including, but not limited to, filing a collection lawsuit, foreclosing on any loan collateral, and reporting the delinquent status of the Notes to credit reporting agencies.

The Lender would prefer to avoid enforcement action against the Borrowers of the Loan which enforcement action may include without limitation institution of judicial and / or non-judicial foreclosure. If you would like to discuss whether there are any alternatives available to you other than immediate payment in full of all obligations owing under the Loan, please contact me, Patricia Dixon at (702) 853-4714.

PLAZA BANK, 8275 W. FLAMINGO ROAD, 2ND Floor, LAS VEGAS, NV 89147

Demand Letter

Sincerely,

Patricia Dixon
Senior Vice President/Special Assets Manager
Plaza Bank

CC:

Scarth & Associates                          Cert#7016-2710-0000-5353-3177
27310 Madison Avenue, Suite 103
Temecula, CA 92590

Jared H. Scarth                              Cert#7016-2710-0000-5353-3184
31222 Mangrove Drive
Temecula, CA 925592

PLAZA BANK, 8275 W. FLAMINGO ROAD, 2ND Floor, LAS VEGAS, NV  89147

# Exhibit 5

Recording Requested By:
**First American Title**

RECORDING REQUESTED BY:

544 8992

WHEN RECORDED MAIL TO:
WT Capital Lender Services, a California corporation
7522 North Colonial Avenue, Suite 101
Fresno, California 93711

**DOC # 2017-0328166**
08/09/2017 03:56 PM Fees: $34.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: MARIA VICTORIA #411

**Assessor's Parcel No.: 910-282-011-4**
T.S. No.: **17-13220-01**

## NOTICE OF UNIFIED TRUSTEE'S SALE

# YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/14/2016. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Original Trustor(s): **Lincoln James Investment Properties, LLC**

Duly Appointed Trustee: **WT Capital Lender Services, a California Corporation**

Recorded **12/27/2016** as Document No. **2016-0576748** of Official Records in the Office of the Recorder of **Riverside** County, California

Date of Sale: **8/31/2017**, at **9:00 AM**

Place of Sale:      **IN THE AREA IN THE FRONT OF 847 WEST 6TH STREET, CORONA, CALIFORNIA**

Assessor's Parcel No.: **910-282-011-4**
T.S. No.: **17-13220-01**

## NOTICE OF UNIFIED TRUSTEE'S SALE

Amount of unpaid balance and other charges: **$1,566,584.99** Estimated
      Accrued interest and additional advances, if any, will increase this figure prior to sale.

Street Address or other common designation of real property:  **27310 Madison Avenue, Temecula, CA**

Legal Description:
**PARCEL A:**
**PARCEL 5 OF PARCEL MAP 23561-1, IN THE CITY OF TEMECULA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 157, PAGE(S) 44 THROUGH 46 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.**
**EXCEPTING THEREFROM ALL MINERAL RIGHTS MORE THAN 500 FEET BELOW THE SURFACE OF SAID LAND, WITHOUT THE RIGHT OF SURFACE OR SUBSURFACE ENTRY FROM THE SURFACE TO A DEPTH OF 500 FEET BELOW THE SURFACE AS RESERVED IN THE DEED FROM BEDFORD DEVELOPMENT COMPANY RECORDED JULY 13, 1989 AS INSTRUMENT NO. 233697 OF OFFICIAL RECORDS.**

**PARCEL B:**
**ALL THOSE CERTAIN RIGHTS, BENEFITS AND EASEMENTS WHICH BENEFIT THE PROPERTY DESCRIBED IN PARCEL A ABOVE AS SET OUT IN THAT CERTAIN "REVISED AND RESTATED DECLARATION OF RESTRICTIONS AND GRANT OF EASEMENTS" RECORDED MARCH 26, 1990 AS INSTRUMENT NO. 107571 OF OFFICIAL RECORDS, UPON AND SUBJECT TO THE TERMS AND PROVISIONS THEREIN CONTAINED.**    A.P.N.: **910-282-011-4**

      The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Beneficiary hereby elects to conduct a unified foreclosure sale pursuant to the provisions of California Commercial Code section 9604, et seq., and to include in the non-judicial foreclosure of the real property interest described in the Notice of Default and Election to Sell Under Deed of Trust, all of the personal property and fixtures, together with replacements and proceeds, if applicable, described in the Merchant Sales Agreement, dated **12/8/2016**, and in a UCC-1 Financing Statement filed with the Secretary of State, State of **California**, on **8/17/2016**, as **Instrument No. 167541914513** between the **Lincoln James Investment Properties, LLC D/B/A: Pacific Floor Company and Scarth & Associates D/B/A: Pacific Wholesale Flooring, and Jared Scarth** and the original beneficiary, as it may have been amended from time to time, and pursuant to any other instruments between the trustor and beneficiary referencing a security interest in personal property.  Beneficiary reserves its right to revoke its election as to some or all of said personal property and/or fixtures, or to add additional personal property and/or fixtures to the election herein expressed, at Beneficiary's sole election, from time to time and at any time until the consummation of the Trustee's Sale to be conducted pursuant to the Deed of Trust and this Notice of Trustee's Sale.  A description of the personal property, which was given as security for trustor's obligation is:

**Notice of Unified Trustee's Sale  ·  Page 2 of 4**

Assessor's Parcel No.: **910-282-011-4**
T.S. No.: **17-13220-01**

## NOTICE OF UNIFIED TRUSTEE'S SALE

THE PERSONAL PROPERTY OF LINCOLN JAMES INVESTMENT PROPERTIES, LLC D/B/A: PACIFIC FLOOR COMPANY AND SCARTH & ASSOCIATES D/B/A: PACIFIC WHOLESALE FLOORING, AND JARED SCARTH INCLUDING ALL GOODS, INCLUDING WITHOUT LIMITATION, ALL MACHINERY, EQUIPMENT, PARTS, SUPPLIES, APPARATUS, APPLIANCES, TOOLS, FITTINGS, FURNITURE, FURNISHINGS, FIXTURES, AND ARTICLES OF TANGIBLE PERSONAL PROPERTY OF EVERY DESCRIPTION AND TYPE OWNED BY THE GRANTORS OR IN WHICH GRANTORS MAY HAVE ANY INTEREST, AT ANY LOCATION (COLLECTIVELY REFERRED TO HEREINAFTER AS "EQUIPMENT").

ALL INVENTORY, INCLUDING WITHOUT LIMITATION, ALL GOODS MANUFACTURED OR ACQUIRED FOR SALE OR LEASE, AND ANY PIECE GOODS, RAW MATERIALS, WORK IN PROCESS AND FINISHED MERCHANDISE, FINDINGS OR COMPONENT MATERIALS, AND ALL SUPPLIES, GOODS, INCIDENTALS, OFFICE SUPPLIES, PACKING MATERIALS, AND ANY AND ALL ITEMS USED OR CONSUMED IN THE OPERATION OF THE BUSINESS OR GRANTORS OR WHICH MAY CONTRIBUTE TO THE FINISHED PRODUCT OR TO THE SALE, PROMOTION AND SHIPMENT THEREOF (COLLECTIVELY REFERRED TO HEREINAFTER AS "INVENTORY");

ALL OF GRANTORS' OPERATING ACCOUNTS, ACCOUNTS RECEIVABLE, CREDIT CARD AND CHARGE CARD RECEIVABLES, CASH ON HAND AND ON DEPOSIT IN BANKS, CASH EQUIVALENTS, CONTRACTS, REAL PROPERTY LEASES, NOTES, BILLS, ACCEPTANCES, CHOOSES IN ACTION, CHATTEL PAPER, INSTRUMENTS, DOCUMENTS AND OTHER FORMS OF OBLIGATIONS AT ANY TIME OWING TO THE GRANTORS ARISING OUT OF GOODS SOLD OR LEASED OR FOR SERVICES RENDERED BY GRANTORS, THE PROCEEDS THEREOF AND ALL OF GRANTORS' RIGHTS WITH RESPECT TO ANY GOODS REPRESENTED THEREBY, WHEREVER LOCATED.

ACCOUNTS, CONTRACT RIGHTS, CHATTEL PAPER, INSTRUMENTS, DEPOSIT ACCOUNTS AND GENERAL INTANGIBLES; ALL NEGOTIABLE AND NONNEGOTIABLE DOCUMENTS OF TITLE COVERING ANY AND ALL OF THE ABOVE-DESCRIBED PROPERTY; ALL RIGHTS UNDER CONTRACTS OF INSURANCE ACQUIRED BY SELLER COVERING ANY OF THE ABOVE-DESCRIBED PROPERTY; ALL BOOKS AND RECORDS PERTAINING TO THE ABOVE-DESCRIBED PROPERTY, INCLUDING BUT NOT LIMITED TO ANY COMPUTER-READABLE MEMORY AND ANY COMPUTER HARDWARE OR SOFTWARE NECESSARY TO PROCESS SUCH MEMORY; ALL PROCEEDS, PRODUCT, RENTS AND PROFITS OF ANY OF THE ABOVE-DESCRIBED PROPERTY.

No warranty is made that any or all of the personal property still exists or is available for the successful bidder and no warranty is made as to the condition of any of the personal property, which shall be sold "as is, where is".

You have the right to request an accounting of the unpaid indebtedness secured by the property being sold. You may submit your request to the address listed below. The charge for this request is $30.00. You may be liable for any deficiency if the secured obligation is not paid in full.

**Notice of Unified Trustee's Sale · Page 3 of 4**

Exhibit 5, Page 004

Assessor's Parcel No.: **910-282-011-4**
T.S. No.: **17-13220-01**

## NOTICE OF UNIFIED TRUSTEE'S SALE

The beneficiary under said Deed of Trust and Security Agreement heretofore executed and delivered to the undersigned, a written Declaration of Default and Demand for Sale, and a Written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may visit the Internet Web site address listed below for information regarding the sale of this property, using the file number assigned to this case file number. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

DATED: August 4, 2017        WT Capital Lender Services, a California corporation
                            7522 North Colonial Avenue, Suite 101
                            Fresno, California 93711
                            (559) 222-4644
                            WTCap.com

                            By _____
                            Debra Francesconi, Senior Vice President

**Notice of Unified Trustee's Sale · Page 4 of 4**

# Exhibit 6

# PROJECTED BUDGET
**In re. Lincoln James Investment Properties, LLC 6:17-bk-17285-**

| INCOME | September | October | November | December | January | February | March |
|---|---|---|---|---|---|---|---|
| TAP Worldwide, LLC Rental Income | $10,895.77 | $21,791.54 | $21,791.54 | $21,791.54 | $21,791.54 | $21,791.54 | $21,791.54 |
| Scarth & Associates Rental Income | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 |
| Scarth - Security Deposit ($6500) & Last Month ($3500) | $10,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL INCOME** | **$24,395.77** | **$25,291.54** | **$25,291.54** | **$25,291.54** | **$25,291.54** | **$25,291.54** | **$25,291.54** |

| EXPENSES | | | | | | | |
|---|---|---|---|---|---|---|---|
| Mortgage - 1st Lienholder | $22,124.06 | $22,124.06 | $22,124.06 | $22,124.06 | $22,124.06 | $22,124.06 | $22,124.06 |
| Property Owners Asociation | $138.61 | $138.61 | $138.61 | $138.61 | $138.61 | $138.61 | $138.61 |
| Insurance | $431.00 | $431.00 | $431.00 | $431.00 | $431.00 | $431.00 | $431.00 |
| Property Maintenance | $370.00 | $370.00 | $370.00 | $370.00 | $370.00 | $370.00 | $370.00 |
| Electricity | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| Water & Sewer | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| Cable/Internet/Phone | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Bank Monthly Service Fees | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| UST Fees | $216.67 | $216.67 | $216.67 | $216.67 | $216.67 | $216.67 | $216.67 |
| **TOTAL EXPENSES** | **$24,330.34** | **$24,330.34** | **$24,330.34** | **$24,330.34** | **$24,330.34** | **$24,330.34** | **$24,330.34** |
| **EXCESS INCOME** | **$65.43** | **$961.20** | **$961.20** | **$961.20** | **$961.20** | **$961.20** | **$961.20** |

# Exhibit 7

THE TUROCI FIRM
Todd L Turoci, Esq. SBN 160059
Julie Philippi, SBN 166108
3845 10th St.
Riverside CA 92501
(951) 784-1678
Email: mail@theturocifirm.com
*Attorney for Debtor and Debtor in Possession,*
*Lincoln James Investment Properties, LLC*

CLARK HILL, PLLC
Candace C. Carlyon, Esq., SBN 119582
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Phone: (702) 862-8300
Fax: (702) 862-8400
Email: ccarlyon@clarkhill.com
*Attorney for Secured Creditor, Plaza Bank*

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LINCOLN JAMES INVESTMENT<br>PROPERTIES, LLC,<br><br>      Debtor. | Chapter 11<br>Case No. 6:17-bk-17285WJ<br>Chapter: 11<br><br>**STIPULATION AUTHORIZING**<br>**CONTINUED CASH COLLATERAL USE**<br>**AND GRANTING ADEQUATE**<br>**PROTECTION** |

This Stipulation ("Stipulation") is made by and between Lincoln James Investment Properties,

LLC, debtor and debtor in possession (the "Debtor"), in the above-captioned chapter 11 bankruptcy

case (the "Chapter 11 Case"), and Plaza Bank ("Plaza" or the "Senior Lender"). The Debtor and Plaza

hereby stipulate and agree as follows:

A. **Petition Date.** On August 30, 2017 (the "Petition Date"), the Debtor commenced the Chapter

11 Case by filing a voluntary petition for relief under chapter 11of title 11 of the United States Code,

11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Court"). The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to sections 1007(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or official committee of creditors holding unsecured claims (a "Creditors' Committee") has been appointed in the Chapter 11 Case.

B. **Jurisdiction and Venue.** The Court has jurisdiction over this Chapter 11 Case, the parties, and the Debtor's property pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D). This Court is the proper venue of this Chapter 11 Case under 28 U.S.C. §§ 1408 and 1409.

C. **Instructive in Assets, Issues and Profits.** Plaza is the beneficiary under that certain Deed of Trust and Assignment of Rents recorded on September 11, 2015 as Document Number 2015-0406325 in the Riverside County Recorder's Office secured by the real property located at 27310 Madison Avenue, Temecula, California (the "Real Property"). The rents from the Real Property are cash collateral in which Plaza has a security interest.

D. **Use of Cash Collateral.** Debtor and Plaza have agreed to Debtor's continued use of cash collateral, and the provision of adequate protection to Plaza in the terms set forth in this Stipulation.

**NOW, THEREFORE,** the Debtor and Plaza hereby agree as follows:

**STIPULATION**

1. **Authorization for Use of Cash Collateral.** The Debtor shall be authorized to use Cash Collateral only in accordance with this Stipulation. Such use is limited to: 1) Payment of monthly loan payments to Plaza in the amount of $22,124.06 commencing September 1, 2017; 2) Payment of post-petition monthly loan payments to any junior deed of trust holders in the contractual amounts; 3) Payment of property owner's association dues; and 4) Amounts required for the operation,

2

maintenance, repair and security of the Real Property, including real property taxes, insurance, and utilities; and payment of the U.S. Trustee quarterly fees and any required court fees incurred herein. Such use is retroactive to the Petition Date.

2.    **Adequate Protection.** As adequate protection for the diminution, Debtor agrees to provide adequate protection to Plaza Bank as follows:

    a)    Replacement Liens. Plaza Bank shall have a valid, perfected post-petition security interest in and liens (the "Replacement Liens") upon all of the post-petition rents, issues, and profits, and proceeds thereof, derived from the Real Property to the same degree and extent it had pre-petition.

    b)    Adequate Protection Payments. The Debtor shall provide Plaza with adequate protection, in part, by paying Plaza the amount of $22,124.06 per month commencing September 1, 2017 as discussed in Paragraph 1 above. Any payments due prior to the approval of this stipulation by the Bankruptcy Court shall be made within three (3) business days of an entered Order approving this Stipulation. Debtor will promptly notify Plaza of any event or change in circumstances that affects the Real Property or improvements.

    c)    Protection of the Real Property. Debtor shall maintain the Real Property and improvements thereon in good condition, and pay all post-petition real property taxes and insurance as required by the Agreement to Provide Insurance dated August 28, 2015.

    d)    Records. Debtor will provide Plaza with copies of any records or other documents or information reasonably requested by Plaza, within five (5) business days of Plaza's written request.

3.    **Consequences of Default.** Upon the occurrence of a default by the Debtor of any of its obligations under this Stipulation, unless waived in writing by Plaza, and Debtor's failure to cure such default within five (5) business days following the filing of a Notice of Default with the Bankruptcy Court: (i) the Debtor's authorization to use Cash Collateral shall immediately and automatically

3

terminate; and (ii) free of the restrictions of Bankruptcy Code section 362, Plaza may take immediate reasonable action to protect the Collateral from harm, theft and/or dissipation. Plaza shall file a motion for relief from the automatic stay prior to the exercise of any other remedies following a Termination Event.

4.      **Termination.**  Consent to use the Cash Collateral shall terminate on the effective date of any confirmed plan of reorganization.

5.      **Successors and Assigns.** The provisions of this Stipulation shall be binding upon the Debtor, Plaza, and each of their respective successors and assigns, and shall inure to the benefit of the Debtor, Plaza, and each of their respective successors and assigns including, without limitation, any trustee, examiner, responsible officer, estate administrator or representative, or similar person appointed in a case for the Debtor under any chapter of the Bankruptcy Code. The terms and provisions of this Stipulation shall also be binding on all of the Debtor's creditors, equity holders, and all other parties in interest, including but not limited to a trustee appointed under chapter 7 or chapter 11 of the Bankruptcy Code.

6.      **No Waiver.** This Stipulation shall not be construed in any way as a waiver or relinquishment of any rights that Plaza may have to bring, be heard on, or object to any matter brought before this Court. The underlying loan agreement and all other documents related thereto, and all of the security, priorities, benefits, rights, and remedies thereunder, are, except as expressly amended by written amendments thereto signed by Plaza, as appropriate, are unimpaired by this Stipulation and shall remain in full force and effect.

///

///

///

4

1    SO STIPULATED.

2    Dated: 10/2/17

CLARK HILL, PLLC

3

4    /S/ Candace C. Carlyon
Candace C. Carlyon, Esq.
*Attorney for Secured Creditor, Plaza Bank*

5

6    Dated: 10/2/17

THE TUROCI FIRM

7

8    Todd Turoci, Esq.
*Attorney for Debtor and Debtor in Possession,*

9    *Lincoln James Investment Properties, LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# Exhibit 8

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| THE TUROCI FIRM<br>Todd Turoci, SBN 160059<br>Julie Philippi, SBN 166108<br>3845 Tenth St<br>Riverside CA 92501<br>951-784-1678<br>mail@theturocifirm.com<br><br><br>☐ Individual appearing without attorney<br>☒ Attorney for: Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>LINCOLN JAMES INVESTMENT PROPERTIES, LLC | CASE NO.: 6:17-bk-17285WJ |
|---|---|
| | CHAPTER: 11 |
| | **STATEMENT REGARDING**<br>**CASH COLLATERAL OR**<br>**DEBTOR IN POSSESSION FINANCING**<br>**[FRBP 4001; LBR 4001-2]** |
| Debtor(s). | DATE: 10/24/2017<br>TIME: 1:00 p.m.<br>COURTROOM: 304<br>ADDRESS: US Bankruptcy Court<br>3420 Twelfth St<br>Riverside CA 92501 |

Secured party(ies): Plaza Bank; Happy Rock Merchant Solutions, LLC

The Debtor has requested the approval of either (1) a motion for use of cash collateral, or postpetition financing, or both, or (2) through a separately-filed motion, a stipulation providing for the use of cash collateral, or postpetition financing, or both. The proposed form of order on the motion or the stipulation contains the following provisions or findings of fact:

| | Disclosures Tracking FRBP 4001(c)(1)(B)(i) through (xi) and (d)(1)(B) | Page No.: | Line No. (if applicable) |
|---|---|---|---|
| ☐ | (i): "[A] grant of priority or a lien on property of the estate under § 364(c) or (d)" | | |
| ☒ | (ii): "[T]he providing of adequate protection or priority for a claim that arose before the commencement of the case, including the granting of a lien on property of the estate to secure the claim, or the use of property of the estate or credit obtained under § 364 to make cash payments on account of the claim" | Motion: 6<br>Stip: 3 | 5-6<br>7-9 |
| | ☐ Cross-collateralization, *i.e.*, clauses that secure prepetition debt by postpetition assets in which the secured party would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law | | |
| | ☐ Roll-up, *i.e.*, provisions deeming prepetition debt to be postpetition debt or using postpetition loans from a prepetition secured party to pay part or all of that secured party's prepetition debt, other than as provided in § 552(b) | | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit 8, Page 002

| | Continued from page 1 | | |
|---|---|---|---|
| ☐ | Grant a replacement lien in an amount in excess of the dollar amount of the lien on cash collateral as of the petition date | | |
| ☐ | (iii): "[A] determination of the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim" | | |
| ☐ | (iv): "[A] waiver or modification of Code provisions or applicable rules relating to the automatic stay"<br>☐ Automatic relief from the automatic stay upon occurrence of certain events. | | |
| ☐ | (v): "[A] waiver or modification of any entity's authority or right to file a plan, seek an extension of time in which the debtor has the exclusive right to file a plan, request the use of cash collateral under § 363(c), or request authority to obtain credit under § 364" | | |
| ☐ | (vi): "[T]he establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order" | | |
| ☐ | (vii): "[A] waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien" | | |
| ☐ | (viii): "[A] release, waiver, or limitation on any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action" | | |
| ☐ | (ix): "[T]he indemnification of any entity" | | |
| ☐ | (x): "[A] release, waiver, or limitation of any right under § 506(c)"<br>☐ The granting of any lien on any claim or cause of action arising under § 506(c) | | |
| ☐ | (xi): "The granting of any lien on any claim or cause of action arising under §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a)" | | |
| | **Additional Disclosures Required by LBR 4001-2** | Page No.: | Line No. (if applicable) |
| ☐ | With respect to a professional fee carve out, disparate treatment for professionals retained by a creditors' committee from that provided for the professionals retained by the debtor | | |
| ☐ | Pay down prepetition principal owed to a creditor | | |
| ☐ | Findings of fact on matters extraneous to the approval process | | |

10|2|17
Date

Todd Turoci
Printed Name

Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit 8, Page 003

# Exhibit 9

**THE TUROCI FIRM**
Todd Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
3845 Tenth Street
Riverside, CA 92501
Telephone: (888) 332-8362
Facsimile: (866) 762-0618
Email: mail@theturocifirm.com

Attorney for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 6:17-bk-17285WJ |
| | ) |
| LINCOLN JAMES INVESTMENT | ) **PROPOSED ORDER GRANTING MOTION** |
| PROPERTIES, LLC, | ) **TO APPROVE USE OF CASH COLLATERAL** |
| | ) **AND ADEQUATE PROTECTION** |
| | ) |
| | ) **Hearing:** |
| Debtor and Debtor in | ) **DATE:** October 24, 2017 |
| Possession. | ) **TIME:** 1:00 p.m. |
| | ) **CTRM:** Courtroom 304 |
| | ) US Bankruptcy Court |
| | ) 3420 Twelfth Street |
| | ) Riverside, CA 92501 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

The above-referenced matter having come on regularly for hearing on the date, at the time and

in the courtroom above-referenced, with the parties being present as stated on the record, and

- 1 -

1  the Court having considered the matter, and good cause appearing therefore, IT IS HEREBY

2  ORDERED AS FOLLOWS:

3      1.      The Stipulation is approved;

4      2.      The Debtor is authorized to use cash collateral commencing retroactively from

5  August 30, 2017 through the Effective Date or a confirmed plan or the dismissal or conversion

6  of the case.

7

8

9                                    ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
**3845 Tenth Street.**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*):   **NOTICE OF MOTION AND MOTION TO APPROVE USE OF
CASH COLLATERAL AND ADEQUATE PROTECTION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION
OF JARED SCARTH IN SUPPORT THEREOF**   will be served or was served in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and
LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **10/3/2017** , I checked the
CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail
Notice List to receive NEF transmission at the email addresses stated below:

- **Candace Carlyon**     ccarlyon@clarkhill.com, Crobertson@clarkhill.com;nrodriguez@clarkhill.com
- **Everett L Green**     everett.l.green@usdoj.gov
- **Richard A Rogan**     rrogan@jmbm.com, jb8@jmbm.com;to1@jmbm.com
- **Todd L Turoci**     mail@theturocifirm.com
- **United States Trustee (RS)**     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On   **10/3/2017** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

☒ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/3/2017 | **Adela Salgado** | |
| Date | Printed Name | Signature |

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**

## Service Information

Lincoln James Investment Properties, LLC
27310 Madison Ave, STE 103
Temecula, CA 92590

Hon. Wayne Johnson
USBC Riverside Division
3420 Twelfth Street, Suite 385
Riverside, CA 92501

## Secured Creditors

Happy Rock Merchant Solutions, LLC
Attn: Rick Geller, CEO
149 W 36th Street
New York, NY 10018

Coast Assessment Service Company
12755 Brookhurst Street, Suite 101
Garden Grove, CA 92842

Riverside County Treasurer
P.O. Box 12005
Riverside, CA 92502

## Certified Mail

Plaza Bank
Attn: Rick L. Sowers, President
18200 Von Karman Ave, Suite 500
Irvine, CA 92612

## 20 Largest Unsecured Creditors

Frontier Communications
P.O. Box 5157
Tampa, FL 33675

New Way Landscape & Tree Service
7485 Ronson Road
San Diego, CA 92111

Rancho California Water
P.O. Box 9017
Temecula, CA 92589

Southern California Edison
P.O. Box 300
Rosemead, CA 91772-0001

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June  2012                                                                 **9013-3.1.PROOF.SERVICE**