PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LINCOLN JAMES INVESTMENT PROPERTIES, LLC,<br><br>Debtor. | Case No. 6:17-bk-17285-WJ<br><br>CHAPTER 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF DEBTOR FOR APPLICATION FOR AUTHORITY TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL**<br><br>[Pursuant to LBR 9013-1(o), Request for Hearing] |

-1-

**TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, DEBTOR'S PROPOSED COUNSEL, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), pursuant to 11 U.S.C. § 330, Federal Rules of Bankruptcy 2014 and Local Bankruptcy Rule 2014-1, hereby objects to the *Motion of Debtor for Authority to Employ The Turoci Firm ("Firm") as General Bankruptcy Counsel (the "Employment Application").*[1]

**I.    ARGUMENT**

**The Firm's Request That The Debtor's Insider Guarantee Its Fees Creates A Potential Conflict.**

The Debtor is a limited liability company. The Employment Application states that the Debtor's members, Jared Scarth and Victoria Scarth, "have personally guaranteed the fees and costs of Debtor." *Employment Application* pg. 4, ¶ 15. Under limited circumstances, some courts permit an insider to <u>fund</u> a debtor's payments to counsel.[2]

But a guarantee agreement by an insider appears to be impermissible. *See In re Lotus Properties*, 200 B.R. 388, 393-94 (Bankr. C.D. Cal. 1996).

---

[1]    Docket No. 11. Unless stated otherwise, capitalized terms have the meanings defined in the Employment Application.

[2]    A court may permit an insider to fund a debtor's case if counsel satisfies a five-part test: (1) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider; (2) the debtor must expressly consent to the arrangement; (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation; and (5) the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. *In re Lotus Properties*, 200 B.R. 388, 393-94 (Bankr. C.D. Cal. 1996) (J., Goldberg).

Other bankruptcy courts in the Central District adopt a *per se* rule against the practice. *See In re Hathaway Ranch P'ship*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990)

The Employment Application lacks information to allow the Court to assess whether a potential or actual conflict exists.

Scarth's testimony at the September 26, 2017 meeting of creditors, however, suggests multiple conflicts.

Mr. and Ms. Scarth own a business entity, Scarth & Associates, that currently serves as the Debtor's tenant. That entity is delinquent in its rental payments.[3]

Scarth also personally guaranteed the Debtor's secured debt and the secured creditor is looking to enforce that debt from either the Debtor or from the Scarth's. The interests of the Debtor and its members are not aligned and conflict.

*Lotus* expressly held that an actual conflict or impermissible potential conflict results if an insider guarantees the Debtor's fees and expenses or if the arrangement creates "individual legal liability" for the insider. *See Lotus*, 200 B.R. at 393-94. The personal guaranty here violates *Lotus* and should not be approved.

## II. CONCLUSION

The U.S. Trustee respectfully requests that this matter be set for a hearing on the Court's law and motion calendar and that the Court deny the Employment Application until it is modified consistent with the concerns set forth above

DATED: October 5, 2017          PETER C. ANDERSON
                                UNITED STATES TRUSTEE

                                By:    /s/ Everett L. Green
                                       Everett L. Green
                                       Trial Attorney

---

[3] The rental income owed from Scarth & Associates is not disclosed on Schedule A/B. On Schedule A/B, the Debtor states that it is not owed accounts receivables or any other assets.