Todd L. Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
THE TUROCI FIRM
3845 Tenth Street
Riverside, CA 92501
Telephone (888) 332-8362
Facsimile (866) 762-0618
mail@theturocifirm.com
Attorneys for Debtor



**FILED & ENTERED**

**DEC 04 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LINCOLN JAMES INVESTMENT PROPERTIES, LLC.,<br><br>Debtor and Debtor-In-Possession. | Case No. 6:17-bk-17285WJ<br><br>CHAPTER 11<br><br>**ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL**<br><br>Hearing:<br>Date:   November 28, 2017<br>Time:   2:00 p.m.<br>Crtrm.: 304 |

    On November 28, 2017, the Court held a hearing regarding the motion of the debtor to employ The Turoci Firm ("Firm") as its general bankruptcy counsel ("Application") (docket number 11). All appearances were noted on the record.  For the reasons stated on the record, the Court granted the Motion.

    Accordingly, the Court hereby ORDERS as follows:

    1.    The debtor is authorized to employ the Firm as its general bankruptcy counsel effective as of August 30, 2017.

    2.    Compensation may be paid to the Firm only after a fee application is filed and approved by the Court.  To the extent (if any) that the Application, the retainer agreement or any other document seeks advance authorization to draw down upon a retainer or otherwise obtain

payment of fees and costs from a retainer or any other source prior to the filing of fee applications and approval by the Court (whether pursuant to guidelines of the Office of the United States Trustee or pursuant to any other procedures or mechanism), that relief is not granted at this time. The Firm may file a separate motion regarding this issue if it wishes to do so.

3. To the extent (if any) that the Application, the retainer agreement or any other document seeks advance authorization to file fee applications more frequently than once every 120 days based on guidelines of the Office of the United States Trustee or pursuant to In re Knudsen Corporation, 84 B.R. 668 (9th Cir. BAP 1988) (or other applicable case authority) or for any other reason, that relief is not granted at this time. The Firm may file a separate motion regarding this issue if it wishes to do so.

4. To the extent (if any) the Firm asserts or seeks a lien against any retainer received by the Firm or any other property (under the terms of the Application, the retainer agreement or any other document), such a lien is not approved. For the reasons set forth in the opinion of the Honorable James Marlar in In re Dick Cepek, Inc., 339 B.R. 730 (9th Cir. BAP 2006), it would be inappropriate and discriminatory to grant a lien against any retainer or other property because it would discriminate against all other administrative creditors and circumvent the provisions of section 726(b) of the Bankruptcy Code. Any and all retainers and other property shall not be subject to any liens in favor of the Firm. The Firm may file a separate motion regarding these issues if it wishes to do so.

5. To the extent (if any) that the Application, the retainer agreement or any other document contains provisions that explicitly or implicitly (a) guarantee compensation to the Firm, (b) state that all or a portion of any retainer is deemed fully earned when paid, (c) provide that any retainer or certain fees are non-refundable, (d) nullify or circumvent the ruling of the Supreme Court in Baker Botts L.L.P. v. Asarco LLC, 135 S.Ct. 2158 or (e) include any similar language, such language and relief is not approved. All compensation is subject to court approval and contractual provisions attempting to circumvent Baker Botts are not approved. The Firm may file a separate motion regarding these issues if it wishes to do so.

6.    Unless genuinely unusual circumstances exist, interim fee applications should not be filed until after a disclosure statement is filed and approved by the Court. The Firm may file a separate motion regarding this issue if it wishes to do so.

###

Date: December 4, 2017

_____
Wayne Johnson
United States Bankruptcy Judge